# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY O'NEAL, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 18-CV-0151-CVE-FHM |
| JOE M. ALLBAUGH, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a state inmate appearing pro se, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2011-780. Before the Court is respondent's motion to dismiss the petition as time barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Dkt. # 11). For the reasons discussed below, the Court finds that respondent's motion to dismiss shall be granted and that the habeas petition shall be dismissed with prejudice.

## I.

Petitioner is currently serving a sentence of life without parole following his conviction, in the District Court of Tulsa County, Case No. CF-2011-780, of first degree child-abuse murder. Dkt. # 12-1, at 1; Dkt. # 12-2, at 1. After the trial court imposed sentence, petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), asserting eight propositions of error. Dkt. # 12-1. In an unpublished opinion filed April 5, 2016, in Case No. F-2013-958, the OCCA affirmed petitioner's conviction, but remanded the case for resentencing based on its finding that the prosecutor's "theatrical presentation" during closing argument, and defense counsel's failure to object thereto, prejudiced the defendant as to the jury's sentencing recommendation. Dkt. # 12-1,

at 21-30.¹ On February 24, 2017, following a hearing, the trial court resentenced petitioner to life without parole and issued a modified judgment and sentence. Dkt. # 12, at 3; Dkt. # 12-2. Petitioner did not file a direct appeal following his resentencing. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, either before or after his resentencing, and he did not file any applications for post-conviction relief in state district court. Dkt. # 1, at 2-4.

Petitioner filed the instant federal habeas petition on March 19, 2018. Id. at 1. He seeks habeas relief on four grounds: (1) the State presented insufficient evidence to support his conviction, (2) the trial court erred in redacting portions of his interview with Tulsa County Detective Jeremy Yerton, (3) the trial court denied him a fair trial by admitting irrelevant evidence, and (4) the trial court erred by instructing the jury to consider with caution the testimony of his expert witness. Id. at 4, 6-7, 9. The OCCA considered and rejected each of these claims on direct appeal. Dkt. # 12-1, at 6-18.

In response to the petition, respondent filed a motion to dismiss the petition as time barred (Dkt. # 11), and a supporting brief (Dkt. # 12). Respondent contends the petition is time-barred under § 2244(d)(1)(A)'s one-year statute of limitations and that petitioner has not demonstrated any circumstances that might excuse his untimely filing. Dkt. # 12, at 1-4. Petitioner did not address

---

[1] As explained by the OCCA, "in final closing argument, the prosecutor employed a doll, resembling an infant, with a stuffed-cloth body and a plastic head and extremities" to "simulate[] various acts of physical abuse, including slapping the doll, biting the doll, kicking the doll across the floor and/or against the wall, and hitting the doll's head against a table." Dkt. # 12-1, at 21-22. During a post-trial evidentiary hearing, defense counsel testified she did not object to this presentation because, in her view, the prosecutor "looked out of control" and the "over the top" demonstration might cause the prosecutor to "lose credibility with the jury." Id. at 32.

2

the timeliness issue in his petition, see Dkt. # 1, at 12, and he did not file a response to the motion to dismiss.

## II.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner ordinarily must file a federal habeas petition within one year of the date on which his state judgment became final. 28 U.S.C. § 2244(d)(1)(A).[2] The one-year period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). Because the AEDPA's one-year limitation period is not jurisdictional, the untimeliness of a habeas petition also may be excused for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

**A.     The petition is untimely under § 2244(d)(1)(A).**

Respondent contends the petition is untimely under § 2244(d)(1)(A) because petitioner did not file it before his one-year limitation period expired on July 5, 2017. Dkt. # 12, at 1-2. Alternatively, respondent addresses but rejects the possibility that petitioner's one-year period did not commence until after his modified judgment and sentence was issued on February 24, 2017. Id. at 3-4. In support of his argument that the modified judgment and sentence did not impact the date petitioner's conviction became final, respondent primarily relies on Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012). Id.

---

[2] Under § 2244(d)(1), the one-year limitation period commences on the latest of four possible dates, but the most common is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," as provided in § 2244(d)(1)(A).

The Court agrees with respondent that the petition is time barred. However, respondent's reliance on Prendergast is misplaced and his calculation of petitioner's one-year limitation period is therefore incorrect. In Prendergast, the habeas petitioner was convicted of twelve counts of securities fraud and one count of theft and sentenced to ten years probation. 699 F.3d at 1183. On direct appeal, the state court of appeals affirmed his judgment and sentence in a decision issued October 9, 2003, and the state supreme court denied certiorari review on April 12, 2004. Id. In 2009, the trial court revoked the petitioner's probation and resentenced him to six years incarceration. Id. The state court of appeals affirmed the new sentence on direct appeal, and the petitioner did not seek further review in state court. Id. Instead, he filed a federal habeas petition asserting two claims challenging the 2009 resentencing and three claims challenging his 2003 convictions. Id. at 1183-84. As relevant here, the federal district court dismissed the latter three claims as untimely, and the United States Court of Appeals for the Tenth Circuit affirmed the dismissal. Id. at 1184. Applying 28 U.S.C. § 2244(d)(1), the Tenth Circuit agreed with the district court that the petitioner's convictions became final on July 11, 2004, 90 days after the state supreme court denied certiorari review. Id. at 1185-86. The Tenth Circuit rejected the petitioner's argument "that because he timely raised claims on his 2009 resentencing, the attacks on his original conviction are now somehow resurrected." Id. at 1186. As the facts in Prendergast demonstrate, Prendergast speaks to whether a new judgment and sentence resulting from a resentencing that occurs subsequent to the conclusion of direct review of an original judgment and sentence can make "otherwise untimely claims once again timely." 699 F.3d at 1183, 1185-88; see also Burks v. Raemisch, 680

F. App'x 686, 686-87, 689-92 (10th Cir. 2017) (unpublished)[3] (following Prendergast and rejecting the notion that a resentencing "restarts" AEDPA's one-year limitation period for "matters originally decided and put to rest through direct appeal, state post-conviction remedies and the running of the time allotted for federal habeas review"); Carillo v. Zupan, 626 F. App'x 780, 781-82 (10th Cir. 2015) (unpublished) (applying Prendergast to conclude that habeas petitioner could not challenge conviction that became final in 1999 through federal habeas petition filed in 2015 following entry of amended judgment and sentence in 2015 that reduced amount of restitution).

Contrary to respondent's position, Prendergast does not speak to the situation presented in this case. Instead, under the circumstances of this case, the Court is bound to follow Burton v. Stewart, 549 U.S. 147 (2007). In Burton, as here, the habeas petitioner challenged his criminal judgment and sentence on direct appeal, and the state court of appeals affirmed his conviction but remanded for resentencing. Id. at 150. Following remand, the state trial court entered a second amended judgment and sentence reimposing the same sentence. Id. at 151. The petitioner then challenged his new sentence on direct appeal and, later, through state postconviction remedies. Id. While his sentencing claims were pending review in state court, the petitioner filed a federal habeas petition (1998 petition) challenging the constitutionality of his convictions but raising no claims related to his new sentence. Id. The federal district court denied habeas relief, and the United States Court of Appeals for the Ninth Circuit affirmed. Id. More than three years later, after state courts rejected his sentencing claims, the petitioner filed a second federal habeas petition (2002

---

[3]  This decision, and other unpublished decisions herein, are cited as permitted by FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

petition) challenging only the constitutionality of his new sentence. Id. at 151-52. The federal district court denied relief, and the Ninth Circuit affirmed. Id. at 152.

The United States Supreme Court granted certiorari to determine whether its decision in Blakely v. Washington, 542 U.S. 296 (2004), announced a new rule and, if so, whether it applies retroactively on collateral review. Burton, 549 U.S. at 149. The Supreme Court did not answer those questions, however, because it determined that the petitioner's 2002 petition was second or successive and the federal district court thus lacked jurisdiction to consider it. Id. As relevant here, in reaching that jurisdictional decision the Supreme Court addressed and rejected the petitioner's argument that "had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations." Id. at 156. In rejecting that argument, the Supreme Court reaffirmed a longstanding principle: "Final judgment in a criminal case means sentence. The sentence is the judgment." Id. (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Applying that principle, the Burton Court reasoned that the petitioner's "limitations period did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'–which occurred well *after* [the petitioner] filed his 1998 petition." Id. at 156-57 (emphases in original).

Significantly, before it decided Prendergast, the Tenth Circuit applied Burton in two unpublished decisions addressing the timeliness of habeas petitions: United States v. Carbajal-Moreno, 332 F. App'x 472 (10th Cir. 2009) (unpublished), and Najera v. Murphy, 462 F. App'x 827 (10th Cir. 2012) (unpublished). Like Burton, both cases involved facts similar to those in the case at hand. In Carbajal-Moreno, the Tenth Circuit interpreted 28 U.S.C. § 2255(f)(1), a provision that

6

requires federal prisoners seeking habeas relief to file a § 2255 motion within one year of the "date on which the judgment of conviction becomes final." 332 F. App'x at 474. The question presented in Carbajal-Moreno was whether the federal prisoner's conviction became final (1) after the Tenth Circuit upheld one conviction but reversed a second conviction and remanded for resentencing or (2) after the federal "district court issued its amended judgment and any appeal thereof was complete." Id. Like respondent in this case, the government in Carbajal-Moreno argued that the federal prisoner's conviction became final 90 days after his conviction was affirmed on direct appeal. Id. Applying Burton, the Tenth Circuit rejected the government's argument. Id. at 475-76. It reasoned that because it did not limit the scope of the remand and because "an appeal could arise from resentencing," the prisoner's conviction "could not have become final until after the appeal of the district court's August 4, 2004 amended judgment." Id. at 476-77.

Similarly, in Najera, a state prisoner seeking federal habeas relief challenged his state court judgment and sentence on direct appeal, and the state supreme court affirmed his convictions but remanded for entry of a new judgment and sentence. 462 F. App'x at 828. The state supreme court issued its decision on August 21, 2009, but the trial court did not issue an amended sentence until September 10, 2009. Id. Applying Burton and Carbajal-Moreno, the Tenth Circuit reasoned (1) that the state supreme court's remand for resentencing "was not purely 'ministerial,'" i.e., the remand did not require the trial court to perform "a 'routine, nondiscretionary act . . . that could not have been appealed on any valid ground,'" and (2) that "the statute of limitations [under § 2244(d)(1)] did not begin to run until after the expiration of [the petitioner's] 30 days to appeal the district court's final judgment entered on September 10, 2009." Najera, 462 F. App'x at 830 (quoting Carbajal-Moreno, 332 F. App'x at 476).

7

Because the facts in the instant case are more analogous to those in Burton, Carbajal-Moreno, and Najera than to those in Prendergast, Burks, and Carillo, the Court rejects respondent's argument that the habeas petition is untimely because petitioner failed to file it before July 5, 2017. Dkt. # 12, at 1.

Nevertheless, even applying Burton, the Court finds the habeas petition is untimely under § 2244(d)(1)(A). As previously discussed, the OCCA affirmed petitioner's conviction on April 5, 2016, but remanded for resentencing. Dkt. # 12-1. Nothing in the OCCA's decision indicates that remand was limited in scope or merely "ministerial." Id.; see also OKLA. STAT. tit. 22, § 929(B) (providing that upon remand for vacation of a sentence, trial court may either set the case for a nonjury sentencing proceeding or, on written request of either party, impanel a new sentencing jury). Rather, on February 24, 2017, the state district court held a sentencing hearing, imposed the same sentence as before, and issued a modified judgment and sentence reflecting the "new" sentence. Dkt. # 12, at 3; Dkt. # 12-2. Petitioner did not file a resentencing appeal to challenge the modified judgment and sentence, and his time to do so expired on March 6, 2017, ten days after the sentencing hearing. See Rule 1.2(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (providing that sections II and III of the OCCA's procedural rules apply to resentencing appeal following remand pursuant to Okla. Stat. tit. 22, § 929); Rule 1.4(A), (C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (providing resentencing appeals shall be perfected in the same manner as regular felony appeals); Rule 2.1(B), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (requiring appellant to file notice of intent to appeal within 10 days "from the date the Judgment and Sentence is imposed in open court"). Petitioner's judgment therefore became final on March 6, 2017, when the time for

8

seeking direct review of his modified judgment and sentence expired. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (discussing § 2244(d)(1)(A) and explaining that a state prisoner's judgment becomes final either "at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari," or "at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires"). As a result, petitioner's one-year period under § 2244(d)(1)(A) commenced the next day, on March 7, 2017, and expired on March 7, 2018. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying FED. R. CIV. P. 6(a) to calculate AEDPA one-year limitation period). Petitioner did not file any applications for post-conviction relief in state court that would support statutory tolling of this one-year period. See 28 U.S.C. § 2244(d)(2); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, even applying the correct date that petitioner's judgment became final, March 6, 2017, and the correct one-year limitation period, March 7, 2017, through March 7, 2018, the habeas petition is untimely because petitioner did not file it until March 19, 2018, nearly two weeks after the one-year period expired.[4]

---

[4] The Clerk of Court received the habeas petition on March 19, 2018. Dkt. # 1, at 1. Nothing in the record appears to support that petitioner complied with the prison mailbox rule by submitting the petition to prison authorities before his one-year period expired. See Price v. Philpot, 420 F.3d 1158, 1163-66 (10th Cir. 2005) (discussing prison mailbox rule and establishing two methods for showing compliance with rule). First, petitioner did not complete the declaration included in the petition that would have allowed him to declare, under penalty of perjury, whether he placed the petition in the prison mailing system before his deadline passed. Dkt. # 1 at 13. Second, it appears petitioner likely used the prison's legal mail system but only after the deadline expired. The envelope received with his habeas petition was stamped "legal mail" on March 15, 2018, and postmarked March 16, 2018. Dkt. # 1, at 14. Thus, even if petitioner tried to comply with the prison mailbox rule, the earliest date he could benefit from that rule would be March 15, 2018, which is still eight days too late.

**B.     Petitioner has not demonstrated any circumstances supporting equitable tolling of the one-year period.**

Respondent contends petitioner has not demonstrated any circumstances that would support equitable tolling. Dkt. # 12, at 2-3. While the AEDPA's statute of limitations is subject to tolling for equitable reasons, Holland, 560 U.S. at 649, it is petitioner's burden to demonstrate circumstances justifying equitable tolling, Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner seeking equitable tolling "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang, 525 F.3d at 928 (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). As previously mentioned, petitioner does not address the timeliness issue within his petition, Dkt. # 1, at 12, and he did not file a response to the motion to dismiss. Because he does not even attempt to carry his burden, equitable tolling is not warranted.[5]

---

[5] In his first habeas claim, petitioner challenges the sufficiency of the evidence and alleges, in part, there is "[n]o evidence stating that appellant intentionally committed murder or had anything to do with the death of this victim." Dkt. # 1, at 4. Even if the Court could generously construe this allegation as asserting an "actual-innocence" claim that could potentially overcome the time bar, that claim simply isn't credible. See Perkins, 569 U.S. at 392 ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner does not even allude to any such evidence. Rather, he asserts the evidence that was presented at trial was "circumstantial at best." Dkt. # 1, at 4. This bald assertion does support application of Perkins' equitable exception.

**III.**

Based on the foregoing, petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and petitioner has not demonstrated, or even attempted to demonstrate, any circumstances that would excuse the untimeliness. The Court therefore grants respondent's motion to dismiss and dismisses the petition for writ of habeas corpus, with prejudice, as time barred.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court dismisses a habeas petition on procedural grounds, the applicant must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness of the Court's application of § 2244(d)(1)(A) or its determination that equitable tolling is not warranted, the Court declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss the petition as time barred (Dkt. # 11) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered herewith.

**DATED** this 19th day of November, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE